The opinion of the Court was delivered by
Glovee, J.
The Circuit Judge admitted the Sheriff to prove that he did not levy on the land in dispute, and the first ground of appeal submits that this contradicted the levy made by him as Sheriff, and also the deed executed by him and Northrop to the plaintiff. It is conceded that both the entry of the levy by the Sheriff and his deed embrace the land in dispute.
We would not, without qualification, declare that a Sheriff shall not be permitted to correct mistakes in his entry of levy, even in his Sale Book. The Act of 1839, (11 Stat. 26, sec. 6,) directs him to make an entry of all his levies, intending to preserve a permanent memorial of them, not only for his direction, but for the benefit of all parties interested. Before he has conveyed the property sold to a purchaser, he may amend his entry, and make it conform to the truth; but it may prove dangerous in practice to permit such amendment after he has executed a deed conveying the property, or to permit parol evidence to explain it, and thereby contradict his deed.
T-he Sheriff proved that he never levied upon the land in dispute, and if this contradicted, altered or added to his deed, it was inadmissible.
*271 In ascertaining the intention of a party, which must control in the construction of his deed, we must collect it from the language of the deed itself, and evidence should not be admitted to explain, unless by the terms of the deed such intention cannot be dispovered without resort to other evidence — or where an ambiguity has been raised by parol, it may be removed by parol. Does the evidence of the Sheriff, received in this case, contradict or vary his deed ? The levy and deed embrace five thousand two hundred acres, and he was pertíiitted to prove that he never levied on the land in dispute, which constituted two hundred acres of the land described in the plaintiff’s deed. This is a variance, and manifestly contradicts a deed by which the quantity is clearly set out, and without any such ambiguity as requires explanation. If the Sheriff’s deed had embraced all the land which had been conveyed to Hilliard and Northrop, it would be competent to show by parol how much had been conveyed; but it would not be competent to shew that a part and not the whole was intended. (Barkley vs. Barkley, 3 McC. 269.)
In Locke vs. Whiting, (10 Pick. 279,) it was held, that where a mortgage deed purported to convey the whole estate, parol evidence is not admissible to prove that the deed was intended by all the parties to convey a moiety only, and that the whole was included by a mistake of the scrivener. •
The law requires that conveyances of real estate shall be by deed, and this not only furnishes the evidence of the agreement between the parties, but, when recorded, the publie is advertised and learns the intention of the parties from an examination of their deeds in the Registry.
It may be shewn that the Sheriff had no execution justifying his levy and sale, and, therefore) no authority to sell; as this contradicts only a recital in his deed, which is not even prima facie evidence of his official authority. Here the evidence is offered to shew that he sold less than his deed specifically conveys, and if admissible, it may be competent to shew *272 that his levy embraced no land described in his deed. Where there is fraud or mistake, and the facts authorize it, a deed may be declared void or set aside pro tanto; but the fact of such mistake should not be enquired into in a collateral way, and thereby contradict the express terms of a deed.
Should a Sheriff sell or convey land not subject to the lien of a judgment, the title of the owner is not necessarily defeated by such sale, nor is he without a remedy. In this case, the property is described without any ambiguity, and the intention of the Sheriff is manifest, and should parol proof be admitted which contradicts his deed, without any allegation of fraud, it would violate a safe and well-established principle of evidence.
It is not necessary to notice the other grounds taken in the appeal or the argument.
Motion granted.
Wardlaw, Withers, and MüNRO, JJ., concurred.
O’Neall and Whitner, JJ., dissented.

Motion granted.